**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Robert Andrews,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-00954-PHX-DJH<br><br>**ORDER** |

Plaintiff seeks judicial review of Defendant Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed his Opening Brief (Doc. 16) on February 26, 2021. Defendant filed a Response Brief (Doc. 20) on May 13, 2021, and Plaintiff filed his Reply Brief (Doc. 24) on June 2, 2021. For the following reasons, the Court remands this matter to the Commissioner for further proceedings.

**I.      Background**

Plaintiff began these proceedings, on October 17, 2014, by filing a protective filing for supplemental security income, which was denied on May 12, 2015. (R. at 20).[1] Plaintiff then filed a claim for benefits on March 2, 2017, alleging a disability onset date of January 1, 2015. (*Id.*) The claim was denied on August 8, 2017, and again upon reconsideration on December 7, 2017. (*Id.*) On December 6, 2019, the ALJ issued an unfavorable decision. (R. at 17). On March 19, 2020, the SSA Appeals Council denied

---

[1] A certified copy of the Administrative Record ("R.") was filed by Defendant on October 29, 2020. (Doc. 13).

Plaintiff's request for review. (R. at 1). This appeal followed.

The ALJ found that, since October 17, 2014 Plaintiff was not disabled as defined by the Social Security Act. (R. at 22). Plaintiff had not engaged in substantial gainful activity since he submitted his protective filing and, although he had several severe mental impairments, the ALJ found he still had the residual functional capacity to perform "a full range of work at all exertional levels" provided that he only be required to "follow simple instructions for unskilled work with occasional contact with coworkers and the public." (R. at 24, 27). The ALJ came to this conclusion after reviewing several expert medical evaluations, among other medical evidence. (R. at 27). Although the ALJ heard Plaintiff's testimony, in which Plaintiff claimed a much more limited functional capacity, the ALJ found the testimony to be inconsistent with the other evidence and so rejected it. (R. at 31).

Plaintiff challenges the ALJ's decision to reject his own symptom testimony and the ALJ's weighting of the medical opinions. (Doc. 16 at 14, 20). Defendant concedes the ALJ failed to adequately resolve contradictions in the evidence when assessing Plaintiff's functional capacity. (Doc. 20 at 4). The parties, then, agree this matter should be remanded to the ALJ. Plaintiff seeks remand for calculation of benefits, (Doc. 16 at 25), while Defendant seeks remand for further administrative proceedings (Doc. 20 at 5).

**II.     Standard of Review**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The evidence the ALJ bases the decision on must exemplify the broader record. *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir.

2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

Normally, the "ordinary remand rule" applies to social security matters, under which a court may remand a case for further development. *Treichler*, 775 F.3d at 1099. However, in "rare circumstances," a court may remand a matter to calculate and award benefits. *Id.* (quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). To remand a matter to calculate and award benefits, a court must find:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all these elements are met, courts may still remand for further proceedings if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

### III.   Analysis

The parties raise two primary issues. The first is the ALJ's determination that Plaintiff was not disabled since October 2014, when the alleged disability onset date was in January 2015. The second issue relates to ambiguities in the record regarding Plaintiff's residual functional capacity.

#### a.   Period Under Review

Plaintiff argues that because the ALJ considered the time before the alleged disability onset of January 1, 2015, he "effectively reopened the determination of the prior October 2014 application [for protective filing]," which had been denied. (Doc. 16 at 2 (quoting)). Defendant makes no counter argument in its Response. Plaintiff argues because the earlier application was reopened, it would be inequitable if the ALJ were to reconsider his application with a January 2015 onset date. (*Id.*)

It is not clear to the Court why the ALJ determined that Plaintiff was not disabled

since October 2014, when the application before him alleged an onset date of January 1, 2015. (R. at 20, 22). But it is clear that this ambiguity exists and that the ALJ considered whether Plaintiff was disabled during the three months prior to the alleged disability onset. On remand, the Commissioner is instructed to clarify this issue and acknowledge that the earlier October protective filing application has, in fact, been reopened. *See Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995) (noting there may be a "*de facto*" reopening of earlier applications).

### b. Ambiguities in the Medical Record

Plaintiff argues this matter should be remanded to calculate and award benefits. Defendant argues further administrative proceedings would help resolve, first, a general conflict in the evidence and, second, a smaller ambiguity. (Doc. 20 at 10–11).

The general conflict, Defendant argues, stems from the ALJ's finding that Plaintiff maintained the residual functional capacity to "follow simple instructions for unskilled work with occasional contact with coworkers and the public." (R. at 27). How the ALJ arrived at this particular conclusion is, as Defendant argues, unclear. (Doc. 20 at 9).

At times, the ALJ stated the record shows Plaintiff was "uncooperative, poorly groomed and odorous, with slowed thought content and motor behavior, anxious, withdrawn, depressed and labile moods, . . . below average intelligence." (R. at 34–35). And yet the ALJ also stated, within the same paragraph, the evidence shows Plaintiff "has frequently exhibited appropriate grooming and hygiene, good eye contact, cooperative, friendly and fully oriented behavior and normal mood, affect, speech, thought process and thought content . . . . He has demonstrated good judgment and insight, intact recent and remote memory, good attention and concentration and average intelligence." (R. at 35). Defendant concedes the ALJ did not articulate how he resolved this apparent conflict in the evidence. (Doc. 20 at 9). Upon review, it is not clear to the Court how the ALJ resolved this conflict.

Because the ALJ did not state how he resolved this conflict, Defendant argues it is unclear exactly how the ALJ decided to weigh medical opinion evidence. For example,

the ALJ noted Dr. Krabbenhoft's opinion that Plaintiff "was able to follow simple instructions." (R. at 33 (citing R. at 724)). And he noted Dr. Gross' opinion that Plaintiff could follow "simple instructions." (*Id.* (citing R. at 123)). Both of these opinions were given great weight, in part because they accorded with evidence showing Plaintiff could follow instructions. (*Id.*) But while the ALJ did cite some evidence to support this decision, the ALJ left open the question of how other evidence factored into the decision, such as the evidence that showed Plaintiff was "uncooperative, . . . anxious, . . . [and] below average intelligence . . . ." (R. at 34).

Plaintiff argues this case does not warrant a remand for further proceedings simply because the medical opinions conflict. He argues "[i]f *that* is a reason for remand for further proceedings, then no federal court would ever remand 'without remanding the cause for rehearing.'" (Doc. 24 at 6 (citing 42 U.S.C. § 405(g))). But Plaintiff misses the point. While Defendant cites conflicts in the medical opinions, the thrust of its argument is that the ALJ did not acknowledge a greater conflict in the record when assigning weight to those opinions. In fact, Plaintiff himself previously criticized the ALJ for "cherry-picking" findings that showed Plaintiff's mental function was essentially normal, which indicates there were unaddressed findings to the contrary. (Doc. 16 at 17). Therefore, at some level, both parties recognized the ALJ failed to resolve contradictions in the evidence. *See Brown-Hunter*, 806 F.3d at 495. Further proceedings would help resolve this general conflict. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.").

The second, smaller ambiguity is whether Plaintiff ever earned a CNA certificate. The ALJ's decision assumed, based on Plaintiff's testimony, that Plaintiff was a CNA. (R. at 33) ("[T]he undersigned notes . . . the claimant's reported ability to earn certification and work as a nursing assistant . . . ."). And the ALJ found the ability to earn such a certification would be inconsistent with evidence of Plaintiff's lower intelligence. (*Id.*) However, Plaintiff argues that there is "no evidence or hint of evidence" that Plaintiff ever

earned a CNA certificate. (Doc. 24 at 7).

Upon review, the Court finds more than a hint of evidence. (Doc. 20 at 11). For example, Plaintiff testified to attending vocational school for CNA training. (R. at 77). He also testified that had worked as a personal caregiver. (R. at 78). Dr. Kaz's report indicates that Plaintiff earned a CNA certificate in 2000 and began work as a CNA from 2000 to 2004. (R. at 141). Dr. Geary's evaluation also notes that Plaintiff said, "I had a job as a CNA." (R. at 48). However, if it is true, as Plaintiff heavily implies, that he did not earn a certificate, then further proceedings before the ALJ would be the appropriate to resolve this factual question. *See Treichler*, 775 F.3d at 1098 ("[W]e leave it to the ALJ to . . . resolve ambiguities in the record."). On remand the ALJ should explain why the fact that Plaintiff obtained or did not obtain a CNA in 2000 is or is not relevant to a determination of Plaintiff's disabilities, which are alleged to have begun fourteen or fifteen years later.

Accordingly,

**IT IS HEREBY ORDERED** reversing the December 9, 2019 decision of the Administrative Law Judge. (R. at 17–37).

**IT IS FURTHER ORDERED** remanding this matter for further administrative proceedings pursuant to 42 U.S.C. § 405(g). The Appeals Council will remand the case to an ALJ. On remand, an ALJ will reevaluate the medical evidence and opinions; further consider Plaintiff's residual functional capacity; take additional action, as warranted, to complete the administrative record; and issue a new decision.

**IT IS FINALLY ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 21st day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge